Case 2:14-cv-04435-ADS-SIL Document 5 Filed 07/28/14 Page 1 of 7 PageID #: 43
Case 2:14-cv-04435-ADS-WDW Document 4-1 Filed 07/25/14 Page 1 of 7 PageID #: 34

D/F

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

SECURITIES AND EXCHANGE COMMISSION,

          Plaintiff,

v.

INTERNATIONAL STOCK TRANSFER, INC.,
AND CECIL FRANKLIN SPEIGHT,

          Defendants.

---

14 Civ. 4435 (ADS)(WDW)

## JUDGMENT AS TO DEFENDANTS CECIL FRANKLIN SPEIGHT AND INTERNATIONAL STOCK TRANSFER, INC.

The Securities and Exchange Commission ("Commission") having filed a complaint (the "Complaint") and defendants Cecil Franklin Speight and International Stock Transfer, Inc. (which is owned and controlled by Defendant Speight) (together, "Defendants") having entered a general appearance; consented to the Court's jurisdiction over Defendants and the subject matter of this action; consented to entry of this Judgment; waived findings of fact and conclusions of law; and waived any right to appeal from this Judgment.

### I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendants and Defendants' agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or

instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

## II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants and Defendants' agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

### III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants, and each of them, their agents, servants, employees, partners, and attorneys-in-fact, and those persons in active concert or participation with them who receive actual notice of this Judgment by personal service, email service, facsimile service or otherwise, are permanently enjoined from violating and/or aiding and abetting violations of Section 17(a)(3) of the Exchange Act and Rules 17Ad-6 and 17Ad-7 thereunder, by failing to maintain required transfer agent records, including but not limited to, control books, master security holder and subsidiary files, transfer and registrar journals, and transfer and paying agent agreements for issues for which IST was the transfer agent.

### IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that, pursuant to Section 20(e) of the Securities Act [15 U.S.C. § 77t(e)] and Section 21(d)(2) of the Exchange Act [15 U.S.C. § 78u(d)(2)], Defendant Speight is prohibited from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or that is required to file report pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)].

### V.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Speight is permanently barred from participating in an offering of penny stock, including engaging in activities with a broker, dealer, or issuer for purposes of issuing, trading, or inducing or attempting to induce the purchase or sale of any penny stock. A penny stock is any equity

security that has a price of less than five dollars, except as provided in Rule 3a51-1 under the Exchange Act [17 C.F.R. 240.3a51-1].

## VI.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants shall pay disgorgement of all ill-gotten gains, prejudgment interest thereon, and civil penalties pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)]. The Court shall determine the amounts of the disgorgement and civil penalties upon motion of the Commission. Prejudgment interest shall be calculated from the date of each violation based on the rate of interest used by the Internal Revenue Service for the underpayment of federal income tax as set forth in 26 U.S.C. § 6621(a)(2). In connection with the Commission's motion for disgorgement and/or civil penalties, and at any hearing held on such a motion: (a) Defendants will be precluded from arguing that they did not violate the federal securities laws as alleged in the Complaint; (b) Defendants may not challenge the validity of the Consent or this Judgment; (c) for the purposes of such motion, the allegations of the Complaint shall be accepted as and deemed true by the Court; and (d) the Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigatory testimony, and documentary evidence, without regard to the standards for summary judgment set forth in Rule 56(c) of the Federal Rules of Civil Procedure. In connection with the Commission's motion for disgorgement and/or civil penalties, the parties may take discovery, including discovery from appropriate non-parties.

## VII.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that, until further order of the Court, Defendants and each of their financial and brokerage institutions,

officers, agents, servants, employees, partners, attorneys-in-fact, family members, and those persons in active concert or participation with them who receive actual notice of this Judgment by personal service, email service, facsimile service or otherwise, and each of them, hold and retain within their control, and otherwise prevent, any withdrawal, transfer, pledge, encumbrance, assignment, dissipation, concealment or other disposal of any assets, funds, or other property (including money, real or personal property, securities, commodities, choses in action or other property of any kind whatsoever) of, held by, or under the direct or indirect control of the Defendants, including but not limited to, entities owned or controlled by, related to, or associated with the Defendants (the "Affiliated Entities"), whether held in any of their names or for any of their direct or indirect beneficial interest wherever situated, in whatever form such assets may presently exist and wherever located within the territorial jurisdiction of the United States courts, and directing each of the financial or brokerage institutions, debtors and bailees, or any other person or entity holding such assets, funds or other property of the Defendants or Affiliated Entities to hold or retain within its or his or her control and prohibit the withdrawal, removal, transfer or other disposal of any such assets, funds or other properties, including, but not limited to, all assets, funds, or other properties held by the following persons and entities in the following accounts:

| Account Holder | Financial Institution | Account Number |
|---|---|---|
| American Capital Partners Inc. | JHS Capital Advisors, LLC | xxxxx8743 |
| American Capital Partners Inc. | Rushmore Capital | xxxxx0999 |
| American Capital Partners Inc. | Paulson Investment Company | xxxxx6534 |
| C. Frank Speight, Minnie S. Speight, David H. Speight | Wells Fargo Bank | xxxxx1948 |
| C. Frank Speight, Minnie S. Speight, David H. Speight | Wells Fargo Bank | xxxxx6745 |
| Dunhill Investment Holdings Inc. | JPMorgan Chase Bank, N.A. | xxxxx0500 |
| Frank Speight | JPMorgan Chase Bank, N.A. | xxxxx8702 |
| Frank Speight | Wells Fargo Bank | xxxxx3594 |

| Account Holder | Financial Institution | Account Number |
|---|---|---|
| Frank Speight and Diana T. Speight | JPMorgan Chase Bank, N.A. | xxxxx0145 |
| International Stock Transfer Inc. | Wells Fargo Bank | xxxxx4379 |
| International Stock Transfer Inc. | Wells Fargo Bank | xxxxx6940 |
| International Stock Transfer Inc. | Wells Fargo Bank | xxxxx5686 |
| Palm Beach Capital, Inc. | E*Trade Financial Corp, | xxxxx2605 |
| Palm Beach Capital, Inc. | JPMorgan Chase Bank, N.A. | xxxxx6148 |
| Palm Beach Capital, Inc. | Scottrade | xxxxx3968 |

## VIII.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that, until further order of the Court, each of the Defendants, and each of their financial and brokerage institutions, officers, agents, servants, employees, partners, attorneys-in-fact, family members, and those persons in active concert or participation with them who receive actual notice of such Order by personal service, facsimile service or otherwise, and each of them, repatriate into the United States any assets, funds, or other property (including money, real or personal property, securities, commodities, choses in action or other property of any kind whatsoever) of the Defendants, including, but not limited to, the Affiliated Entities, held by them, under their direct or indirect control, for their benefit or over which they exercise actual or apparent investment authority in whatever form such assets may presently exist and wherever located, including, but not limited to, all assets, funds, or other properties held in the following foreign accounts, by either (1) depositing funds into the CRIS Account until further order of the Court, or (2) if the assets are real property or tangible, by depositing the deed or title to such property with the Court:

| Account Holder | Foreign Financial Institution | Account Number(s) |
|---|---|---|
| Altmark Holdings Ltd. | Sparkasse Bank Malta PLC | xxxxx0040<br>xxxxx0000 |
| American Capital Partners Ltd. | Choice Bank Ltd. | xxxxx0831 |

| Account Holder | Foreign Financial Institution | Account Number(s) |
|---|---|---|
| American Capital Partners Ltd. | Choice Bank Ltd. | xxxx0156 |
| American Capital Partners Ltd. | Hinduji Bank (Switzerland) Ltd. | xxxx02840<br>xxxxx03970<br>xxxxx01000 |
| American Capital Partners (Ghana) Ltd. | Ghana Commercial Bank | xxxxx1641 |
| American Capital Partners (Ghana) Ltd. | Ghana Commercial Bank | xxxxx7326 |
| Dunhill Investment Holdings Ltd. (British Virgin Islands) | Unknown | Unknown |
| Highgate Securities Ltd. | DMS Bank & Trust Ltd. | xxxxx6307 |
| International Stock Transfer Inc. | Belize Bank International | xxxxx9882 |
| International Stock Transfer Inc. | Choice Bank Ltd. | xxxxx2344 |
| Metals Revenue Ltd. | Belize Bank International | xxxxx5726 |
| Metals Revenue Ltd. | Sparkasse Bank Malta PLC | xxxxx1040 |
| Metals Revenue Ltd. | Sparkasse Bank Malta PLC | xxxxx1000 |
| Paragon Processing Ltd. | Belize Bank International | xxxxx3138 |

## IX.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendants shall comply with all of the undertaking and agreements set forth therein.

## X.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purpose of enforcing the terms of this Judgment.

Dated: JULY 28, 2014

UNITED STATES DISTRICT JUDGE
ARTHUR D. SPATT