UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

SECURITIES AND EXCHANGE COMMISSION,

           Plaintiff,

v.

INTERNATIONAL STOCK TRANSFER, INC.,
AND CECIL FRANKLIN SPEIGHT,

           Defendants.

14 Civ. 04435 (ADS) (SIL)



FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E.D.N.Y.
★  OCT 06 2017  ★
LONG ISLAND OFFICE

---

## JUDGMENT AS TO DEFENDANTS CECIL FRANKLIN SPEIGHT AND INTERNATIONAL STOCK TRANSFER, INC.

The Securities and Exchange Commission ("Commission") having filed a complaint (the "Complaint") and defendants Cecil Franklin Speight and International Stock Transfer, Inc. (which is owned and controlled by Defendant Speight) (together, "Defendants") having entered a general appearance; consented to the Court's jurisdiction over Defendants and the subject matter of this action; consented to entry of this Judgment; waived findings of fact and conclusions of law; and waived any right to appeal from this Judgment.

### I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendants and Defendants' agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or

Case 2:14-cv-04435-ADS-SIL   Document 10-1   Filed 10/04/17   Page 2 of 6 PageID #: 61

instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

 (a) to employ any device, scheme, or artifice to defraud;

 (b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

 (c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

## II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants and Defendants' agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

 (a) to employ any device, scheme, or artifice to defraud;

 (b) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

 (c) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

**III.**

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants, and each of them, their agents, servants, employees, partners, and attorneys-in-fact, and those persons in active concert or participation with them who receive actual notice of this Judgment by personal service, email service, facsimile service or otherwise, are permanently enjoined from violating and/or aiding and abetting violations of Section 17(a)(3) of the Exchange Act and Rules 17Ad-6 and 17Ad-7 thereunder, by failing to maintain required transfer agent records, including but not limited to, control books, master security holder and subsidiary files, transfer and registrar journals, and transfer and paying agent agreements for issues for which IST was the transfer agent.

**IV.**

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that, pursuant to Section 20(e) of the Securities Act [15 U.S.C. § 77t(e)] and Section 21(d)(2) of the Exchange Act [15 U.S.C. § 78u(d)(2)], Defendant Speight is prohibited from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or that is required to file report pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)].

**V.**

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that, pursuant to Section 20(g) of the Securities Act and Section 21(d)(6) of the Exchange Act, Defendants are permanently barred from participating in an offering of penny stock, including engaging in activities with a broker, dealer, or issuer for purposes of issuing, trading, or inducing or attempting to induce the purchase or sale of any penny stock.  A penny stock is any equity

security that has a price of less than five dollars, except as provided in Rule 3a51-1 under the Exchange Act [17 C.F.R. 240.3a51-1].

## VI.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that each Defendants are jointly and severally liable for disgorgement of $3,860,931.00, representing illicit monies obtained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $348,361.98, for a total of $4,209,292.98. Defendants shall satisfy this obligation by paying $4,209,292.98, to be deemed satisfied in part by the entry of the $3,300,000.00 restitution order dated February 10, 2016 in *United States v. Speight*, 2014 cr 00379 (RRM), to the Securities and Exchange Commission within 14 days after entry of this Final Judgment.

Defendants may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

    Enterprise Services Center
    Accounts Receivable Branch
    6500 South MacArthur Boulevard
    Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Speight or IST as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action.  By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant.

The Commission shall hold the funds (collectively, the "Fund") and may propose a plan to distribute the Fund subject to the Court's approval.  The Court shall retain jurisdiction over the administration of any distribution of the Fund.  If the Commission staff determines that the Fund will not be distributed, the Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 14 days following entry of this Final Judgment.  Defendant shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

## VII.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendants shall comply with all of the undertaking and agreements set forth therein.

## VIII.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purpose of enforcing the terms of this Judgment.

Dated: ___10/6___, 2017

s/ Arthur D. Spatt

_____
UNITED STATES DISTRICT JUDGE